BEULAH COLLET, RESPONDENT, v. LOCAL FINANCE COMPANY, A CORPORATION, APPELLANT.—153 S. W. (2d) 123.

Kansas City Court of Appeals. June 16, 1941.

182

*Harry B. Jenkins* and *Walter A. Raymond* for appellant.

*Cyril G. Baucke* and *Walter J. Gresham* for respondent.

SHAIN, P. J.—This is an action for damages alleged by plaintiff as due by reason of fraud on part of defendant. The plaintiff's petition shows that the allegations of her petition are directed to two defendants and the record discloses that the Kansas City Motor Company was joined with defendant herein as a party defendant. However, during the *voir dire* examination, the plaintiff dismissed as to the Kansas City Motor Company.

The pleadings are short and so clearly define the issues that we include same herein.

Plaintiff's petition is as follows:

"Comes now plaintiff and for her cause of action against the above named defendants, corporations, states and alleges:

"Plaintiff states that at all times herein mentioned, the defendant, Kansas City Motor Company, was engaged in the distribution and selling of automobiles new and used.

"Plaintiff further states that the defendant, Local Finance Company, was engaged in at all times herein, the financing of automobiles and was generally known as a money lender.

"Plaintiff further states that on or about the 4th day of April, 1938, she went to the place of business of the Kansas City Motor Company, located at 1626 McGee Street, in Kansas City, Jackson County, Missouri, with an intention to buy an automobile and there she was shown an automobile, a 1935 Pontiac, two-door, (Motor Number 8-24513) and that she agreed to purchase the said automobile from the said defendant for the sum of $398 plus $7 sales tax and that she was to pay $50 cash on delivery and trade in her automobile, 1931 Ford Coupe for $100 credit, which she did, leaving a balance due the said Kansas City Motor Company the sum of $255.

"Plaintiff further states that she was induced by the Kansas City Motor Company to go to the place of business of the Local Finance Company and there and then at the place of business of the Local Finance Company, the defendants, each and both of them, with the intent to cheat, defraud and by misrepresentations to plaintiff, caused plaintiff to sign in favor of defendants a note and mortgage in the sum of $369, it being $114 more than the balance due on the original purchase price of the said automobile;

"Plaintiff further states that the said defendants, with the intent to deceive, defraud and obtain money from the said plaintiff fraudulently, misrepresented to plaintiff so as to obtain her note in the sum of $369 and mortgage; that this note and mortgage covered the in-

surance on the automobile purchased by plaintiff and their finance charges.

"Plaintiff, relying upon the fraudulent misrepresentations of the said defendants, did not obtain insurance on her said automobile and she was so informed by defendants that insurance was on her said automobile that would compensate her or reimburse her in case her said automobile was damaged by accident; and that on or about the 31st day of August, 1938, her said automobile that she purchased from the defendants, met with an accident and was wrecked and the damages to her automobile was in the sum of $500; and as a result of the fraud and deceit practiced by defendants upon plaintiff, she was caused to suffer actual damages in the sum of Five Hundred Dollars ($500).

"Plaintiff further states that the acts of defendants were with the intent to defraud, cheat, and deceive plaintiff and caused plaintiff to suffer punitive damages in the sum of Five Thousand Dollars ($5,000).

"WHEREFORE plaintiff prays judgment against defendants, each and both of them, in the sum of Five Hundred ($500) Dollars actual damages and Five Thousand ($5,000) Dollars punitive damages and her costs herein expended."

Defendant's answer is as follows:

"Comes now defendant, Local Finance Company, and denies each and every allegation in plaintiff's Petition contained;

"WHEREFORE defendant having fully answered prays the court that he go hence with his costs."

Trial was by jury resulting in verdict for plaintiff as follows:

"We, the jury, find the issues in favor of the plaintiff and that she is entitled to both compensatory and punitive damages, and we assess her compensatory damages at the sum of $150.21 Dollars; and we further assess her punitive damages at the sum of $350 Dollars.

"Foreman, R. B. TWYMAN."

Judgment was in accordance with verdict and from said judgment defendant duly appealed.

We will continue to refer to parties in conformity with situation in the trial court.

The defendant presents its case for review under Points and Authorities as follows:

"I."

"The alleged representations as to insurance were necessarily promissory representations only, and are insufficient to sustain the verdict and judgment.

"II."

"The Court erred in excluding Defendant's Exhibit No. 9.

"III."

"The Court erred in giving Instruction No. 1, submitting the issue

of fraud when there was no substantial evidence to sustain such charge.

## "IV."

"The Court erred in giving Instruction No. 2, submitting the purported issue of punitive damages."

Defendant's point one is based on alleged error in refusal to give a directed verdict in its behalf at the close of all the evidence. Defendant urges only the one point, i. e., error in refusal on the sole ground that representations as to insurance were promissory only.

The general rule as to false representation in fraud cases is so well established that citation of authority is unnecessary. The rule in Grand Lodge v. Bonding & Ins. Co., 324 Mo. 1. c. 949, is stated as follows: "As a general rule, in order to constitute actionable fraud, a false representation must relate to a matter of fact, and such fact must be one which exists in the present or which has existed in the past."

It is our duty to give the plaintiff the most favorable inference that can lawfully be drawn from the evidence. The plaintiff when on the stand testified that the balance due on the purchase price of car she was buying was $255, and that she was directed to go and did go to defendant to negotiate a loan in order to pay the said balance.

The following is shown as occurring when plaintiff was on the witness stand:

"Q. How much did he charge you for borrowing the $255?

"MR. JENKINS: That is objected to—

"A. $114.

"MR. JENKINS: I object to that. Wait just a minute.

"(No ruling by the court.)

"To which action of the Court in failing to rule on the objection last made, the defendant at the time duly excepted and still excepts.

"Q. (By MR. BAUCKE) What was that? $114.

"MR. JENKINS: I object to that question and move that the answer be stricken out if Your Honor please for the reason that it is irrelevant, incompetent and immaterial and tending to vary, attempting to vary the terms of the written instrument.

"THE COURT: Overruled.

"To which action, order and ruling of the Court, the defendant at the time duly excepted and still excepts.

"MR. JENKINS: Offered in evidence and identified by the reporter.

"(No ruling by the Court.)

"To which action of the Court in failing to rule on the objection last made, the defendant at the time duly excepted and still excepts.

"Q. (By MR. BAUCKE) What did he tell you that $144.00 covered? A. He said it covered interest, the handling charges and for insurance that *was on the car.*" (Italics ours.)

The plaintiff testified that she relied upon the statement of the

manager of defendant company, and this further question and answer is shown:

"Well, why didn't you take out insurance? A. Because I thought I had insurance. I paid for it at the Local Finance Company, Mr. Juett told me." Mrs. Fanning, a sister of plaintiff, was called as a witness for plaintiff. She testified that she made the trip to defendant's office with her sister. The following questions and answers appear in the testimony of Mrs. Fanning, to-wit:

"Q. And who did you meet at the Local Finance Company? A. A man by the name of Mr. Juett.

"Q. What was the discussion up there? A. Well, he informed her that she would—that it would cost her $114 to pay the balance of the Kansas City Motor Company, and that was for—

"Q. (Interrupting) That is, that $255? A. Yes, sir.

"Q. And how much were they going to charge her for that? A. One hundred fourteen dollars.

"Q. Did he tell you what that $114 was for? A. Yes, sir.

"Q. What was that for? A. *Insurance; and that was on the car*, and handling charges and interest.

"Q. Do you know what kind of insurance there was to be on the car or were on the car at that time? A. He said fifty dollars deductible." (Italics ours.)

We conclude that the testimony set forth above justified the trial court's action in refusing to give a directed verdict for defendant.

Defendant's point two, as to exhibit No. 9, is not referred to in defendant's motion for new trial nor in its assignments of error. No reference is made to record and no reasons are assigned. The point presents nothing for review.

Assignment and point three, directed at plaintiff's instruction one is based upon defendant's theory that the representation as to insurance was but promissory. Based upon the evidence, *supra*, upon which we concluded against defendant on its point one, we conclude against defendant's point three.

To a consideration of defendant's point four, we set forth in full the assignment of error upon which same is predicated, as follows:

"The court erred in giving plaintiff's Instruction No. 2 submitting punitive damages, for the reasons following:

"(a) There was no evidence of fraud but merely of a breach of contract for which punitive damages are not recoverable.

"(b) The evidence showed appellant honestly intended to obtain collision insurance and made every reasonable effort to obtain such insurance, hence there was no evidence that appellant intended to inflict injury on respondent, nor were the circumstances such that the law would imply such evil intent. Hence the submission of the issue of exemplary damages was not supported by any substantial evidence, and the court erred in submitting that issue in plaintiff's Instruction No. 2."

All of defendant's reviewable points are based upon its contention that no evidence related to a matter of fact, past or present. If defendant's evidence was all there was on the issue, then defendant's contention would be tenable. However, the testimony of plaintiff and of witness, Mrs. Fanning, *supra*, we conclude, was as to a statement of existing fact, that the $50 was for payment of insurance that was on the car.

The plaintiff clearly had a right to rely on said assertion of existing fact. Plaintiff's evidence is clearly to the effect that she did so rely and was thereby caused to act to her detriment.

For the purposes of this review, we must accept it as a proven fact that defendant made this representation of fact and as the evidence clearly shows there was no such existing insurance, we must conclude that the said representation of fact so made was false. So concluding, we rule against defendant on its point four.

Judgment affirmed. All concur.